GEORGE FISHER, APPELLEE, v. MARY J. FISHER, APPELLANT.

Deed: EXECUTION BY ONE NON COMPOS MENTIS. One F., who was subject to aberration of mind, to such a degree as at times to be *non compos mentis*, and while in that condition executed a deed for all his real estate to one H., who thereupon conveyed to the wife of F., no consideration being paid. *Held*, That F. was entitled to a cancellation of the deed and a reconveyance.

APPEAL from the district court of Jefferson county. Tried below before WEAVER, J.

*Slocumb & Hambel*, for appellant, cited *Mulloy v. Ingalls*, 4 Neb., 117. *Jackson v. King*, 4 Cowen, 207. *S. C.* 15 American Dec., 357. *Burgess v. Pollock*, 53 Iowa, 273. *S. C.*, 36 Amer. Rep., 219. *Stewart's Executors v. Lispenard*, 26 Wend., 255. *Blanchard v. Nestle*, 3 Denio, 37. *Franklin v. Kelly*, 2 Neb., 117. *Staples v. Wellington*, 58 Maine, 453. *Chandler v. Barrett*, 21 La. An., 58. *Lewis*

*v. Baird*, 3 McLean, 56. *Hix v. Whittemore*, 4 Metcalf, 545.

*S. N. Lindley* and *J. S. Tate*, for appellee.

MAXWELL, J.

This is an action to cancel a deed conveying certain real estate belonging to the plaintiff. The plaintiff alleges in his petition that he is in possession of certain real estate, a description of which is set out in the petition; that he is aged and of infirm health, and is subject to temporary aberrations of mind, to such a degree, as to be at times entirely *non compos mentis*; that in December, 1879, while suffering from an attack of this kind, and while not conscious of what he was doing, he was induced by the defendant, who is his wife, to execute to one Jacob Hedden a deed conveying all of his real estate, a description of which is set out; that thereupon said Hedden conveyed said land to the defendant; that both of said conveyances were entirely without consideration, and were made for the purpose of defrauding the plaintiff; that as soon as the plaintiff recovered from said aberration of mind and heard of said conveyance, he demanded a reconveyance of said land from said defendant; that said defendant then refused and still refuses so to reconvey; that the defendant has removed from said land and has sold, or threatened to sell, all the grain raised thereon during the year 1880, together with other personal property on said land; that the plaintiff's health is still so feeble that he is unable to protect his property; that he has no other property to pay his debts or as a means of support. The plaintiff therefore prays that said deeds be declared fraudulent and void, and that the defendant be required to reconvey to the plaintiff, etc.

The defendant in her answer admits that she is the wife of the plaintiff, admits that a deed of conveyance of

the land described in the petition was made by the plaintiff to Hedden, and by Hedden to her, but she denies that said deeds were made without consideration, but alleges that the plaintiff was indebted to her in the sum of $800.00 for moneys loaned out of her separate estate, and that the plaintiff by said conveyance intended to prefer her claim over that of other creditors; that the plaintiff, by gross and abusive treatment and repeated threats of personal violence, has compelled the defendant to abandon said premises, and to rely upon her own personal exertions with the assistance of friends for her support; that said real estate was acquired and improved almost entirely by the labor of the defendant and her children, and by moneys derived from her separate estate, etc.

The reply is a general denial.

On the trial of the cause the court found "all the allegations contained in the plaintiff's petition to be true and supported by the evidence," and rendered a decree in favor of the plaintiff and required the defendant to reconvey said premises within ten days, etc. The defendant appeals to this court.

The only objection urged against the decree is that it is not sustained by the evidence. The testimony clearly establishes the following facts. *First.* That the plaintiff was not in his right mind at the time he executed the deed to Hedden for the premises in question. *Second.* That no consideration whatever was paid for the land.

These facts certainly were sufficient to justify the court in decreeing a reconveyance. A review of the testimony, which is quite voluminous, would merely carry into the reports matters pertaining to the private affairs of a family, without subserving any good purpose.

The decree is clearly right, and is in all things affirmed.

DECREE AFFIRMED.